Kevin M. Fitzpatrick, Esquire (VSB #30716)
4118 Leonard Drive, Suite 200
Fairfax, VA 22030
(703) 352-7150
Counsel for Plaintiff Automotive Finance Corporation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN RE:<br><br>SALIM ZAMANI,<br><br>Debtor.<br><br>AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>SALIM ZAMANI,<br><br>Defendant. | Case No. 17-11618-KHK<br>(Chapter 7)<br><br><br><br><br><br><br>Adversary No. 1:17-ap-01085<br>Judge: Klinette H. Kindred |

**DECLARATION OF DEBT IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**

Bob Warner, being first duly sworn upon his oath, states that:

1. I am over eighteen (18) years of age, I have personal knowledge of the facts stated herein, and I am authorized to make this Affidavit on behalf of Automotive Finance Corporation ("<u>AFC</u>").

2. I am employed by AFC as a Senior Collection Manager, and I am familiar with the books, records, and accounts of AFC, including the books, records, and accounts associated with Salim Zamani ("Zamani") was President of Triple Z Motors, Inc. ("Triple Z").

3. I have reviewed AFC's *Complaint to Determine Dischargeability of Debt Pursuant*

to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and 523(a)(6) (the "Complaint") in this adversary proceeding, and the facts stated therein are true.

4. On or about June 27, 2012, Zamani, as President of Triple Z, executed a Demand Promissory Note and Security Agreement (as amended or modified from time to time, the "Note"), pursuant to which Triple Z promised to pay AFC Twenty-Five Thousand Dollars ($25,000), or such greater or lesser principal amount as may be advanced by AFC pursuant thereto, together with interest. A true and accurate copy of the Note is attached to the Complaint as Exhibit 1.

5. Under the terms of the Note and to secure Triple Z's present and future obligations to AFC under that note and any other instrument, guaranty, or other document, Triple Z granted AFC a security interest in substantially all of its assets, including inventory, then owned or thereafter acquired.

6. Under the terms of the Note and to secure Triple Z's present and future obligations to AFC under that note and any other instrument, guaranty, or other document, Triple Z also granted AFC a purchase money security interest in all vehicles, parts, and equipment financed by AFC thereunder.

7. On or about June 27, 2012, Zamani also executed an Unconditional and Continuing Guaranty pursuant to which he guaranteed the full and prompt payment of all obligations of Triple Z to AFC under the Note and any other agreement, as amended, supplemented, or modified. A true and accurate copy of the Guaranty is attached to the Note as Exhibit C.

8. AFC properly perfected its security interests in the assets of Triple Z by making the appropriate UCC filings with the Virginia State Corporation Commission. True and accurate copies of AFC's UCC filings are attached to the Complaint as Exhibit 2.

9. Between November 25, 2014 and June 22, 2016, Zamani, as President of Triple Z, executed a series of U.S. Aggregate Advance Limit Amendments to Demand Promissory Note and Security Agreement ultimately increasing the aggregate advance limit under the Note to Seven Hundred and Fifty Thousand Dollars ($750,000). Copies of the Aggregate Advance Limit Amendments are attached to the Complaint as Exhibit 3.

10. Prior to the Petition Date, Triple Z requested that AFC advance it money and/or extend it credit under the Note, and AFC in fact advanced money to Triple Z and/or extended Triple Z credit under the Note to purchase vehicles for resale.

11. Prior to the Petition Date, Triple Z did not pay all amounts due and owing to AFC in accordance with the terms of the Note, and Triple Z was and is in default thereunder.

12. Pursuant to the Note, Zamani, on behalf of Triple Z, represented to AFC that Triple Z would hold funds derived from the sale of vehicles purchased by Triple Z financed by AFC under the Note in trust for the benefit of AFC (the "Trust Funds"), and that Triple Z would pay the Trust Funds to AFC in accordance with the terms of the Note.

13. Prior to the Petition Date, Triple Z sold certain vehicles financed by AFC under the Note an in which AFC had properly perfected, first priority security interests (the "Secured Vehicles") but did not pay AFC the Trust Funds derived therefrom. A listing of the Secured Vehicles is attached to the Complaint as Exhibit 4.

14.    The amount due and owing from Triple Z to AFC with respect to the Secured Vehicles is $358,168.03, which is comprised of (a) $344,335.32 in principal, (b) $6,899.71 in interest, and (c) $6,933 in fees, all of which are due and owing under the Note.

I affirm under the penalties for perjury that the foregoing facts and statements are true and correct to the best of my knowledge and belief.

FURTHER, DECLARANT SAYETH NOT.

Dated: November 20, 2017

_____
Bob Warner